UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:18-CR-42-JRG-MCLC |
| | ) |
| PATRICIA SCIACCA | ) |

MEMORANDUM OPINION AND ORDER

Before the Court is defendant Patricia Sciacca's Motion for Reconsideration of her sentence for Post-Sentencing Rehabilitation Programs [Doc. 118], and the United States' Response in Opposition [Doc. 120]. For the reasons herein, the Court will deny Ms. Sciacca's Motion.

I. BACKGROUND

In 2018, Ms. Sciacca, along with her codefendant, was indicted by a federal grand jury on several counts [Indictment, Doc. 12]. These counts include one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), one count of distribution of five or more grams of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), one count of possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), and two counts of knowingly possessing a firearm in furtherance of a drug trafficking offense [*Id.*]. Ms. Sciacca later pled guilty to one count of conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine, and one count of possession of a firearm in furtherance of a drug trafficking offense [Plea Agreement, Doc. 34].

Ms. Sciacca was later sentenced to a total of 206 months' incarceration, and a term of five years of supervised release [Judgment, Doc. 79]. Pursuant to Amendment 821 to the United States Sentencing Guidelines, her sentence was later reduced to a total of 191 months' imprisonment and a five-year term of supervised release [Order, Doc. 144]. In the instant motion, Ms. Sciacca moves the Court for reconsideration of her sentence in light of her post-sentencing rehabilitative efforts [Def. Mot., Doc 118, at 5-6]. The United States opposes her motion. After careful review of the parties' arguments, the Court is prepared to rule on Ms. Sciacca's motion.

## II. LEGAL STANDARD

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed…'" *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal quotation omitted). Federal courts do not have authority to modify a term of imprisonment once it has been imposed unless such authority is "expressly granted by statute." *United States v. Curry*, 606 F.3d 323, (6th. Cir. 2010).

## III. ANALYSIS

In moving for a sentence reduction, Ms. Sciacca relies on 18 U.S.C. §3742(e). This statute provides appellate courts with authority under which to review a sentence, and states:

> Upon review of the record, the court of appeals shall determine whether the sentence: (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; (3) is outside the applicable guideline range, and (A) the district court failed to provide the written statement of reasons required by section 3553(c); (B) the sentence departs from the applicable guideline range based on a factor that--(i) does not advance the objectives set forth in section 3553(a)(2); or (ii) is not authorized under section 3553(b); or (iii) is not justified by the facts of the case; or (C) the sentence departs to an unreasonable degree from the applicable guidelines range, having regard for the factors to be considered in imposing a sentence, as set forth in section 3553(a) of this title and

the reasons for the imposition of the particular sentence, as stated by the district court pursuant to the provisions of section 3553(c); or (4) was imposed for an offense for which there is no applicable sentencing guideline and is plainly unreasonable.

The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses and shall accept the findings of fact of the district court unless they are clearly erroneous and, except with respect to determinations under subsection (3)(A) or (3)(B), shall give due deference to the district court's application of the guidelines to the facts. With respect to determinations under subsection (3)(A) or (3)(B), the court of appeals shall review de novo the district court's application of the guidelines to the facts.

18 U.S.C. § 3742(e)

Ms. Sciacca further relies on *Pepper v. United States*, which provides "when a defendant's sentence has been set aside on appeal, a district court at resentencing may consider evidence of the defendant's post-sentencing rehabilitation, and such evidence may, in appropriate cases, support a downward variance from the now-advisory federal Sentencing Guidelines range." *Pepper v. United States*, 131 S.Ct. 1229 (2011). Lastly, she relies on a decision issued by the United States District Court in the Southern District of West Virginia, in which a District Judge reduced an individual's sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

However, Ms. Sciacca's reliance on each of the above authorities is improper. First, 18 U.S.C. 3742(e) only provides appellate courts with standards on which they may review a sentence once it has been appealed. Likewise, *Pepper v. United States* unequivocally states that post-sentencing rehabilitation efforts may be considered on resentencing "when a defendant's sentence has been set aside on appeal". 131 S.Ct. at 1236. Ms. Sciacca has not appealed her conviction or sentence, so this Court has no authority to review her sentence on these grounds.

Similarly, her reliance on a sentence reduction by the United States District Court in the Southern District of West Virginia is in error. According to the judgment granting a sentence reduction [United States' Resp., Exhibit 1], the reduction was based upon Rule 35(b) of the Federal

Rules of Criminal Procedure, which provides relief upon substantial assistance to the government, and such motion must be made by the government. Fed. R. Crim. P. 35(b). The government has made no such motion in the instant case, so Ms. Sciacca's reliance on the above decision is misplaced.

## IV.  CONCLUSION

Ms. Sciacca has failed to show that she is entitled to a sentence reduction pursuant to any statutory authority, and her motion is therefore **DENIED**.

So ordered.

ENTER:

s/ J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
